D. Bradley Sweet, Appellant, v. Fannie O. Sweet, Individually and as Executrix, etc., of Charles A. Sweet, Deceased, and Others, Respondents.— Judgment and order affirmed, with costs. All concurred.

Catharine Loeschauer, as Administratrix, etc., of Charles Loeschauer, Deceased, Respondent, v. The New York Central and Hudson River Railroad Company, Appellant, Impleaded with the City of North Tonawanda.— Judgment and order reversed and new trial ordered, with costs to appellant to abide event. McLennan, P. J., and Williams, J., voted for reversal on the ground that as matter of law the evidence fails to establish that the appellant was guilty of negligence, which was the proximate cause of the accident, and also because the evidence fails to identify the deceased as the person who fell from the bridge. Kruse and Robson, JJ., voted for reversal on the ground that although there is evidence upon which the jury might have found that the defendant was negligent, yet, in view of the charge of the trial court which became the law of the case, " that there is no evidence in the case that even if there had been a guard rail there it would have prevented the rider from falling into the river," the finding of the jury that the defendant was negligent cannot be sustained. Spring, J., dissented and voted for affirmance.

In the Matter of the Application of the Lake Shore and Michigan Southern Railway Company, Appellant, for the Appointment of Commissioners to Ascertain the Compensation to Be Made to the Owners of and Parties Interested in Certain Lands Situate in the Town of Hanover, County of Chautauqua, and State of New York, and Proposed to Be Taken by the Lake Shore and Michigan Southern Railway Company and Claimed to Be Owned by Ida Dickinson and Others, Respondents.— Order reversed, report of commissioners set aside and matter remitted to the Special Term for the appointment of new commissioners, without costs of this appeal to either party. Held, that in view of the affidavit made by Commissioner Dye he was an improper person to have acted as commissioner. All concurred.

Carrie F. Hyde and Mary B. Fish, as Surviving Executors, etc., of Albert Fish, Deceased, Respondents, v. Ellsworth E. Elwood, Appellant.— Judgment and order affirmed, with costs. All concurred.

William J. Burghen, Respondent, v. Lawrence Savage and Others, Appellants. — Judgment and order reversed and new trial ordered, with costs to appellants to abide event, unless the plaintiff within twenty days stipulates to reduce the verdict to the sum of $4,000 as of the date of the rendition thereof, in which event the judgment is modified accordingly, and as so modified is, together with the order, affirmed, without costs of this appeal to either party. All concurred.

Frank Rich, Appellant, v. Pennsylvania Railroad Company, Respondent.— Judgment reversed and new trial ordered, with costs to appellant to abide event, on the ground that the case should have been submitted to the jury. See same case reported in 112 Appellate Division, 818. All concurred, except Kruse J., who dissented.